IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| BOBBY LEE DICKERSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-cv-04002-SLD-JAG |
| | ) | |
| M. BUTLER, Senior Parole Officer, | ) | |
| GARY PHILLIPS, Parole Officer, | ) | |
| ILLINOIS PAROLE BOARD, and | ) | |
| DIXON PAROLE OFFICE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff's Motion for Leave to Proceed in Forma Pauperis, ECF No. 5, as amended by his Supplemental Memorandum, ECF No. 6. Regardless of whether Plaintiff should be excused from paying the filing fee, his case cannot proceed because he fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Accordingly, Plaintiff's Complaint, ECF No. 2, is DISMISSED without prejudice. Plaintiff's supplemented Motion to Proceed in Forma Pauperis is therefore MOOT. Plaintiff has until August 11, 2014, to file an amended complaint, and may file a new motion to proceed in forma pauperis at that time.

## BACKGROUND

According to Dickerson, he was incarcerated in the Henry County Jail in Cambridge, Illinois until September 9, 2012. Compl. ¶ IV(1). He claims he was falsely arrested for obstruction of justice, and was "coerced and intimidated" into pleading guilty. *Id.* ¶ IV(2)–(3). Dickerson alleges that Defendants—his supervising parole officers and their state departmental employer—are "doing everything in their power to send me back to prison when I am complying with the stipulations of

1

my parole," including remaining arrest-free in the six months following his release. *E.g.,* Compl. ¶ IV(4). He claims Defendants refuse to recognize his compliance, which includes attending "Brideways" classes, which "they know [he] cannot afford." *Id.* ¶¶ II(B), IV(4). Dickerson alleges difficulty finding employment "because they all sent [him] to prison for something [he] did not do." *Id.* Finally, he claims Defendants "make [him] walk in zero-below weather to these places that [he] cannot afford," places presumably including the location of his classes. *See id.* ¶ IV(4).

Dickerson filed this suit on February 11, 2014, seeking injunctive, declaratory, and monetary relief for violations of his rights pursuant to 42 U.S.C. § 1983. He appears to argue that Defendants' alleged conduct constitutes retaliation for exercise of his rights, forced servitude under the 13th Amendment, and deprivation of due process under the 14th Amendment to the United States Constitution. He may also assert a claim under the Equal Protection Clause of the 14th Amendment when he speculates that either his alleged false arrest or persecution on parole may be due to his race—"because [he's] black in an all-white government municipality." Compl. ¶ IV(4). At the least, he appears to claim, Defendants conspired to violate and/or failed to intervene to prevent violation of his rights. *See id.* ¶ IV(1).[1]

## DISCUSSION

**I. Legal Standard**

District courts may screen a complaint prior to service on the defendants and must dismiss it if it fails to state a claim upon which relief may be granted. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) (citing 28 U.S.C. § 1915(e)(2)(B)(ii)). "District judges have ample authority to dismiss

---

[1] The Court interprets Dickerson's mention of the "C.R.I.P. Act," Compl. ¶ IV(4), as a reference to Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997 *et seq*. The Act is inapplicable here, however, because it protects the rights of a person "residing in or confined to an institution," 42 U.S.C. § 1997a(a), which Dickerson is not. His lack of current incarceration similarly means he cannot sue as a "prisoner" under the Act. *See id.* § 1997e(h).

2

frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense." *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). The standard governing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) applies to such screening. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). That is, a complaint must "describe the claim in sufficient detail to give the defendant 'fair notice of what the claim is and the grounds upon which it rests'" and its factual allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). However, a court must treat all well-pled factual allegations as true, and pro se pleadings are to be liberally construed. *See Gomez v. Randle*, 680 F.3d 859, 864–65 (7th Cir. 2012).

**II. Analysis**

The Court notes that many of Dickerson's allegations are rooted in his claimed false arrest, coerced plea, and subsequent state prison sentence. He cannot maintain any claims arising out of those events in this suit, however, as he does not sue parties responsible for those actions. Here, Dickerson names as Defendants only parole personnel, not the police who arrested him, prosecutors who obtained his plea, or prison officials who kept him incarcerated. Dickerson's legal vehicle, § 1983, also severely limits the type of claims he can bring. An individual convicted of a crime may not sue under § 1983 "to attack the fact of his confinement or the conditions of his parole." *Blackmon v. Hamblin*, 436 F. App'x 632, 633 (7th Cir. 2011). Accordingly, Dickerson cannot challenge his alleged parole requirement to attend classes, and the walking this may require, in this suit.

3

To the extent that they are not therefore barred, Dickerson's claims are not supported by allegations from which the Court can possibly infer that Defendants committed retaliation, forced servitude, or equal protection and due process violations. To state a claim for retaliation, a plaintiff must specify the retaliatory action, name the appropriate defendants, and assert "'a constitutionally protected activity, the exercise of which caused the . . . retaliatory action.'" *Williams v. Snyder*, 150 F. App'x 549, 551 (7th Cir. 2005) (quoting *Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005)). Dickerson alleges no facts that indicate what constitutionally protected activity he might have engaged in, or what retaliatory response this supposedly triggered from Defendants. The Thirteenth Amendment prohibits slavery and involuntary servitude, except as punishment for a criminal conviction. U.S. Const. amend. XIII. Dickerson, however, alleges only difficulty finding work, not forced work without compensation, and therefore the Amendment's protections are inapplicable.

Regarding his Fourteenth Amendment claims, Dickerson makes no allegations concerning discriminatory behavior to support his speculation that he is being treated unfairly on the basis of race. *See, e.g., Schroeder v. Hamilton Sch. Dist.*, 282 F.3d 946, 951 (7th Cir. 2002) (noting that intentional discrimination must form basis for equal protection violation). Dickerson's Complaint also fails to state a claim for a procedural due process violation as it offers no clue as to what protected interested Defendants deprived him of nor what process he was due but failed to receive. *See Leavell v. Illinois Dep't of Nat'l Res.*, 600 F.3d 798, 804 (7th Cir. 2010) (quotation omitted).

As for substantive due process, this constitutional protection "is very limited and protects plaintiffs only against arbitrary government action that 'shocks the conscience.'" *Montgomery v. Stefaniak*, 410 F.3d 933, 939 (7th Cir. 2005) (quoting *Tun v. Whitticker,* 398 F.3d 899, 902 (7th Cir. 2005)). Unless the plaintiff's claim involves deprivation of a fundamental liberty interest, courts

only review the challenged action for arbitrariness under a rational-basis test. *Idris v. City of Chicago*, 552 F.3d 564, 566 (7th Cir. 2009). Dickerson does not allege any circumstances that plausibly suggest a fundamental liberty interest, which generally involves "matters relating to marriage, family, procreation, and the right to bodily integrity," *Albright v. Oliver*, 510 U.S. 266, 277 (1994) (plurality opinion). Nor can the Court plausibly infer from Dickerson's allegations that Defendants have acted arbitrarily in enforcing his conditions of parole, let alone engaged in behavior that "shocks the conscience."

Dickerson's bare claims provide no notice to Defendants of how they allegedly violated, conspired to violate, or failed to intervene to prevent violation of his rights. *See Concentra Health Servs., Inc.*, 496 F.3d at 776. The Complaint does not support an inference of wrongdoing at all—no allegations indicate that Defendants have exceeded the scope of their legitimate duties as parole supervisors. *See Twombly*, 550 U.S. at 567 (holding that allegations of conspiracy were insufficient where facts were at least equally consistent with law-abiding behavior). Accordingly, Dickerson has failed to state a claim upon which relief may be granted.

## CONCLUSION

Plaintiff's Complaint, ECF No. 2, is DISMISSED without prejudice. Plaintiff must file an amended complaint by August 11, 2014, addressing the deficiencies described above, or else the case will be closed. Plaintiff may renew his motion to proceed in forma pauperis at that time.

Entered this 28th day of July, 2014.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
